1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

2

3

4

5  "TREY" A.R. DAYES III
Arizona Bar No. 020805
6  treyd@phillipslaw.com
Attorney for Plaintiffs

7

8  ### UNITED STATES DISTRICT COURT

9  ### DISTRICT OF ARIZONA

10  Arthur Lawrence and Brandy Lawrence, husband and wife; Ricardo Ramirez and Elisha Ramirez, husband and wife; Jimmie Stanton, a single man; Megan West, a married woman; on behalf of themselves and others similarly situated,

| | |
|---|---|
| Case No.: | |
| **COLLECTIVE ACTION COMPLAINT** | |
| **JURY DEMAND** | |

11

12

13                    Plaintiff,

14  vs.

15  Dependable Medical Transport Services, L.L.C. an Arizona limited liability company; DMTS, L.L.C., an Arizona limited liability company; Three Man Transport, L.L.C., an Arizona limited liability company, Gibbs Investments, L.L.C., an Arizona limited liability company; Gibbs Investment Trust; Richard A. Ganley and Jane Doe Ganley 1, husband and wife; Mark Ganley and Jane Doe Ganley 2, husband and wife; William H. Gibbs and Jane Doe Gibbs, husband and wife,

16

17

18

19

20

21

22                    Defendants.

23

24       Plaintiffs, Arthur Lawrence, Becky Lawrence, Ricardo Ramirez,  Elisha Ramirez,

25  Jimmie Stanton, Megan West and all similarly situated employees  ("Plaintiffs and all similarly

situated employees "), on behalf of themselves and other employees and former employees similarly situated ("Plaintiffs and all similarly situated employees  and all similarly situated former employees"), for their Complaint against Defendants Dependable Medical Transport Services, L.L.C. an Arizona limited liability company; DMTS, L.L.C., an Arizona limited liability company; Three Man Transport, L.L.C., an Arizona limited liability company, Gibbs Investments, L.L.C., an Arizona limited liability company; Gibbs Investment Trust; Richard A. Ganley and Jane Doe Ganley 1, husband and wife; Mark Ganley and Jane Doe Ganley 2, husband and wife; William H. Gibbs and Jane Doe Gibbs, husband and wife, allege as follows:

## <u>NATURE OF THE CASE</u>

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.     Plaintiffs and all similarly situated employees  bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the

Act found at §207(a).

4.    For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.    For at least three (3) years prior to the filing of this action, Plaintiffs worked at least five to ten (5-10) hours in excess of forty (40) hours per week and was not paid time and a half.

6.    For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of misclassifying certain employees as independent contractors.

7.    Plaintiffs and all similarly situated employees  seek to recover unpaid overtime compensation, overpayment of employment tax compensation,  and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9.    Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.    The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of

Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

11.    At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

12.    At all times material hereto, Dependable Medical Transport Services, LLC was incorporated in the State of Arizona and has its principal place of business at 2237 North 36th Street, Phoenix, Arizona 85008.

13.    At all times material hereto, DMTS, LLC was incorporated in the State of Arizona and has its principal place of business at 2237 North 36th Street, Phoenix, Arizona 85008.

14.    At all times material hereto, Three Man Transport, LLC was incorporated in the State of Arizona and has its principal place of business at 2237 North 36th Street, Phoenix, Arizona 85008.

15.    At all times material hereto, Gibbs Investment, LLC was incorporated in the State of Arizona and has its principal place of business at 6385 East Royal Palm Road, Paradise Valley, Arizona 85253.

16.    Defendant DMTS, LLC is the sole member of Defendant Medical Transport Services, LLC.

17.    Defendants Richard Ganley and Three Man Transport LLC are the sole members of Defendant DMTS, LLC.

18.    Defendants Richard Ganley, Mark Ganley, Gibbs Investments LLC, and Gibbs

Investment Trust are the member of Three Man Transport LLC.

19.     Defendant Gibbs is the sole member of Defendants Gibbs Investments LLC and Gibbs Investment Trust.

20.     Upon information and belief, Defendants Richard Ganley, Mark Ganley, and William Gibbs are the day to day owners of Defendant Medical Transport Services L.L.C. and made all managerial and ownership decisions and behalf of the L.L.C.

21.     Upon information and belief, at all times material hereto, Defendant Richard Ganley was and continues to be a resident of Maricopa County, Arizona.

22.     Upon information and belief, at all times material hereto, Defendant Mark Ganley was and continues to be a resident of Maricopa County, Arizona.

23.     Upon information and belief, at all times material hereto, Defendant William Gibbs was and continues to be a resident of Maricopa County, Arizona.

24.     Jane Doe Ganley 1 is the fictitious name for Richard Ganley's wife.  When her true name has been ascertained, this Complaint shall be amended accordingly.  Richard and Jane Doe Ganley 1 have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

25.     Jane Doe Ganley 2 is the fictitious name for Mark Ganley's wife.  When her true name has been ascertained, this Complaint shall be amended accordingly.  Mark and Jane Doe Ganley 2 have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

26.     Jane Doe Gibbs is the fictitious name for William Gibbs' wife.  When her true name has been ascertained, this Complaint shall be amended accordingly.  William and Jane

Doe Gibbs have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

27.     At all relevant times, Plaintiff and all similarly situated employees were "employees" of Dependable Medical Transport Services, as defined by 29 U.S.C. §203(e)(1).

28.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Dependable Medical Transport Services.

29.     At all relevant times, Dependable Medical Transport Services was and continues to be an employer as defined in 29 U.S.C. § 203(d).

30.     On information and belief, Defendants DMTS, L.L.C., Three Man Transport, L.L.C., Gibbs Investments, L.L.C., Gibbs Investment Trust; Richard A. Ganley, Mark Ganley, and William H. Gibbs are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant Dependable Medical Transport Services for all matters.

31.     At all times material to this action, Dependable Medical Transport Services was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

32.     Upon information and belief, at all relevant times, the annual gross revenue of Dependable Medical Transport Services exceeded $500,000.00.

33.     The additional persons who may become Plaintiff s in this action "worked" for Dependable Medical Transport Services, held similar positions as non-exempt employees as Plaintiff, and worked at least one (1) hours in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times

their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as independent contractors.

34.     As required by 29 U.S.C. § 216(b), Plaintiffs' Consent to Become a Party Plaintiff will be filed contemporaneously to this Complaint.

## FACTUAL BACKGROUND

35.     Dependable Medical Transport Services ("DMTS") specializes in transportation of the elderly and other individuals who cannot provide their own transport in non-emergency situations.

36.     DMTS provides the following services to its clientele/patients: Ambulatory Transports; Wheelchair Transports; Stretcher Transports; Hospice Transports and Oxygen Delivery.

37.     DMTS hired Plaintiff Arthur Lawrence as a non-exempt hourly paid driver and dispatcher from approximately January 2009 through May 1, 2012.

38.     Defendant paid Plaintiff Arthur Lawrence $15 per hour for his dispatching duties.

39.     DMTS paid Plaintiff Arthur Lawrence $135 per day for his driving duties.

40.     Plaintiff Arthur Lawrence was required to work a set schedule, consisting of 12-16 hour days as a dispatcher and an additional 32 hours per week as a driver. Plaintiff was not compensated for his overtime.

41.     Plaintiff Brandy Lawrence's primary duty as a dispatcher for the Defendant. Plaintiff would answer incoming calls and set up pick-ups for DMTS's patients.

42.     As a driver for the Defendant, Plaintiff Arthur Lawrence would transport patients

from one location to another; typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

43.   DMTS hired Plaintiff Brandy Lawrence as a non-exempt hourly paid driver from approximately August 2009-May 2010 and then again from January 2012-May 2012.

44.   Defendant paid Plaintiff Brandy Lawrence on a per run/delivery basis during her initial employment stint with DMTS.

45.   In 2012, DMTS paid Plaintiff Brandy Lawrence $100 per day.

46.   Plaintiff Brandy Lawrence was required to work a set schedule, consisting of 12-16 hour days.

47.   Plaintiff Brandy Lawrence's primary duty was a driver for the Defendant. Plaintiff would transport patients from one location to another; typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

48.   DMTS hired Plaintiff Elisha Ramirez as a non-exempt hourly paid driver from approximately February 2008 through November 23, 2012.

49.   Defendant put Plaintiff Elisha Ramirez on a salary of $1200 each two weeks; irrespective of how many hours she would work.

50.   Plaintiff Elisha Ramirez's primary duty was a driver for the Defendant. Plaintiff would transport patients from one location to another; typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

51.   DMTS hired Plaintiff Jimmie Stanton as a non-exempt hourly paid driver from approximately August 2008 through October 20, 2011.

52.   Defendant put Plaintiff Jimmie Stanton on a salary of $1200 each two weeks;

1   irrespective of how many hours she would work.

2       53.    Plaintiff Jimmie Stanton's primary duty was a driver for the Defendant. Plaintiff

3   would transport patients from one location to another; typically from a medical establishment

4   (i.e. hospital) to a patient's home or other locale.

5       54.    DMTS hired Plaintiff Ricardo Ramirez as a non-exempt hourly paid oxygen

6   provider from approximately April 7, 2009 through November 23, 2012.

7       55.    Defendant misclassified Plaintiff Ricardo Ramirez as an independent contractor

8   and placed him on a form 1099. DMTS paid Plaintiff $8 per hour.

9       56.    Plaintiff Ricardo Ramirez's primary duty was an oxygen provider for the

10  Defendant. Plaintiff would deliver oxygen canisters to specified locations. Plaintiff would

11  occasionally set up the oxygen canisters and recycle the used canisters.

12      57.    Plaintiff Ricardo Ramirez's duties were services that are an integral part of

13  DMTS' business.

14      58.    Plaintiff Ricardo Ramirez was a permanent employee of DMTS.

15      59.    Plaintiff Ricardo Ramirez made no investment in facilities and equipment.

16      60.    DMTS exerted complete control over Plaintiff Ricardo Ramirez's work.

17  Defendants told Plaintiff where to be, what work to do, and when to do it.

18      61.    Plaintiff Ricardo Ramirez had no opportunity for profit or loss; rather was just an

19  hourly paid employee.

20      62.    Plaintiff Ricardo Ramirez had no open market competition with Defendant nor

21  did he hold himself out as such.

22      63.    Plaintiff Ricardo Ramirez had no independent business organization or operation.

64.     DMTS hired Plaintiff Megan West as a non-exempt hourly paid driver from approximately September 2011 through March 2012.

65.     Defendant paid Plaintiff Megan West on a per run/delivery basis.

66.     Plaintiff Megan West was required to work a set schedule, consisting of 12-16 hour days.

67.     Plaintiff Megan West's primary duty was a driver for the Defendant. Plaintiff would transport patients from one location to another; typically from a medical establishment (i.e. hospital) to a patient's home or other locale.

68.     Plaintiffs were non-exempt employees.

69.     Plaintiffs were not managers.

70.     Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

71.     Plaintiffs who worked in the role of driver were required to pay for gas out of their own pocket while driving Defendants' vehicles and while on the job.

72.     Defendants would subsequently deduct from Plaintiff Drivers' paychecks an amount for gas charges and as such, Plaintiff Drivers were not being paid at least the federally mandated minimum wage.

73.     From February of 2008 and continuing through the present, Defendants failed to properly compensate Plaintiffs and all similarly situated employees for any of their overtime hours.  During this time, Plaintiffs and all similarly situated employees were regularly scheduled to work approximately 50-75 hours per week.  Plaintiffs also routinely worked additional shifts.

74.     Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiffs and all similarly situated employees are in the possession and custody of the Defendants.

75.     DMTS's failure and/or refusal to properly compensate Plaintiffs and all similarly situated employees at the rates and amounts required by the FSLA were/was willful.

76.     DMTS refused and/or failed to properly disclose to or apprise Plaintiffs and all similarly situated employees of their rights under the FLSA.

77.     Plaintiffs have retained the law firm of Phillips Law Group, P.C., to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE

## VIOLATION OF FAIR LABOR STANDARDS ACT §206

78.     Plaintiffs incorporate and adopt paragraphs 1 through 77 above as if fully set forth herein.

79.     Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiffs and all similarly situated employees at least the amount of the federal minimum wage, when those wages were due.

80.     Whether through the above-enumerated policies or otherwise, Defendants willfully failed and refused to pay Plaintiffs and all similarly situated employees at least the amount of the federal minimum wage, when those wages were due.

81.     Plaintiffs and all similarly situated employees are entitled to collect the difference between their received wages and the wages due, over the past three years, in an

amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

82.     Plaintiffs and all similarly situated employees have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

83.     Plaintiffs seek to represent all similarly situated employees to whom Defendant refused to pay the federal minimum wage when due pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a.   Awarding Plaintiffs and all similarly situated employees compensation in the amount due to them for unpaid minimum wages in an amount proved at trial;

    b.   Awarding Plaintiffs and all similarly situated employees liquidated damages in an amount equal to the award;

    c.   Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.   For Plaintiffs and all similarly situated employees' costs incurred in this action;

    e.   Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid

in full;

f.   Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.   Granting Plaintiffs an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h.   For such other and further relief as the Court deems just and proper.

## COUNT TWO
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

84.   Plaintiffs incorporate and adopt paragraphs 1 through 83 above as if fully set forth herein.

85.   While employed at Defendant DMTS, Plaintiffs and all similarly situated employees consistently and regularly worked multiple hours of overtime a week.

86.   DMTS has intentionally failed and/or refused to pay Plaintiffs and all similarly situated employees overtime according to the provisions of the FLSA.

87.   DMTS further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated employees  in accordance with § 207 of the FLSA.

88.   There are numerous similarly situated employees and former employees of DMTS who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the

1  opportunity to join the present lawsuit.

2      89.    The similarly situated employees are approximately over 300 present and former

3  employees who have the same job description as Plaintiffs and perform the same or similar job

4  functions.

5      90.    Those similarly situated employees are known to Defendants and are readily

6  identifiable and locatable through DMTS's records.  Specifically, all current employees and

7  former employees of Defendant who have been employed with Dependable Medical Transport

8  Services in the roles of drivers and oxygen providers would benefit from Court-Supervised

9  Notice and the opportunity to join the present lawsuit and should be so notified.

10     91.    As a result of DMTS's violations of the FLSA, Plaintiffs and all similarly

11  situated employees have suffered damages by failing to receive compensation in accordance

12  with § 207 of the FLSA.

13     92.    Under 20 U.S.C. §216 Defendants are liable to Plaintiffs and all similarly

14  situated employees  for an amount equal to one and one-half  times their regular pay rate for

15  each hour of overtime worked per week.

16

17     93.    In addition to the amount of unpaid wages owed to Plaintiffs and all similarly

18  situated employees are also entitled to recover an additional equal amount as liquidated

19  damages pursuant to 29 U.S.C. § 216(b).

20     94.    DMTS's actions in failing to compensate Plaintiffs and all similarly situated

21  employees, in violation of the FLSA, were willful.

22     95.    DMTS has not made a good faith effort to comply with the FLSA.

23     96.    Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §

24  216(b).

25

1     WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor

2   against Defendants:

3       a.  Awarding Plaintiffs and all similarly situated employees  overtime

4           compensation in the amount due to him for all of Plaintiffs and all similarly

5           situated employees 's time worked in excess of forty (40) hours per work

6           week at an amount equal to one and one-half  times Plaintiffs and all similarly

7           situated employees 's regular rate while at work at Defendant Dependable

8           Medical Transport Services;

9

10      b.  Awarding Plaintiffs and all similarly situated employees  liquidated damages

11          in an amount equal to the overtime award;

12      c.  Awarding Plaintiffs and all similarly situated employees  reasonable

13          attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C.

14          § 216(b);

15

16      d.  For Plaintiffs' and all similarly situated employees 's costs incurred in this

17          action;

18      e.  Awarding Plaintiffs and all similarly situated employees  pre-judgment

19          interest, at the highest legal rate, on all amounts set forth in subsections (a)

20          and (b) above from the date of the payment due for that pay period until paid

21          in full;

22      f.  Awarding Plaintiffs and all similarly situated employees  post-judgment

23          interest, at the highest legal rate, on all awards from the date of such award

24          until paid in full;

25

g.  Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h.  For such other and further relief as the Court deems just and proper.

## COUNT THREE
## <u>MISCLASSIFICATION AS INDEPENDENT CONTRACTOR</u>

97.  Plaintiffs incorporate and adopt paragraphs 1 through 96 above as if fully set forth herein.

98.  Plaintiffs and all similarly situated employees' working relationships with Defendants as described above were as employees.

99.  Defendants misclassified Plaintiffs and all similarly situated employees as independent contractors.

100.  In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiffs and all similarly situated employees in the form of self-employment taxes.

101.  As a direct and proximate result of the misclassification, Plaintiffs and all similarly situated employees are entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

a.  Awarding Plaintiffs and all similarly situated employees the difference between the amount that should have been taxed if Plaintiffs were

appropriately classified and the amount that Plaintiffs actually paid in self employment tax.

b.  Awarding Plaintiffs and all similarly situated employees  liquidated damages in an amount equal to the self-employment tax award;

c.  Awarding Plaintiffs and all similarly situated employees  reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiffs' and all similarly situated employees 's costs incurred in this action;

e.  Awarding Plaintiffs and all similarly situated employees  pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs and all similarly situated employees  post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h.  For such other and further relief as the Court deems just and proper.

# COUNT FOUR
## DECLATORY JUDGMENT

102.    Plaintiffs incorporate and adopt paragraphs 1 through 101 above as if fully set forth herein.

103.    Plaintiffs and Defendant have a Fair Labor Standards Act dispute pending.

104.    The Court has jurisdiction to hear Plaintiffs and all similarly situated employees' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

105.    Plaintiffs and all similarly situated employees may obtain declaratory relief.

106.    Defendant employed Plaintiffs and all similarly situated employees.

107.    Defendant is an enterprise covered by the FLSA.

108.    Plaintiffs were individually covered by the FLSA.

109.    Plaintiffs and all similarly situated employees who were drivers were required to pay for their own gas.

110.    Plaintiffs and all similarly situated employees who were drivers who were required to pay for their own gas had gas charges deducted out of their pay.

111.    Plaintiffs and all similarly situated employees are entitled to overtime wages pursuant to 29 U.S.C. §207.

112.    Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

113.    Defendants misclassified Plaintiffs and all similarly situated employees as independent contractors.

114.   Plaintiffs and all similarly situated employees are entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

115.   Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

116.   It is in the public interest to have these declarations of rights recorded as Plaintiffs and all similarly situated employees' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

117.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

b.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices of Defendants in classifying Plaintiffs and all similarly situated employees as independent contractors was an error and a violation of the FLSA.

c.   For Plaintiffs' costs incurred in this action.

d.   Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees  hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  February 27, 2013            Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

    /s/ "Trey" A.R. Dayes III
"Trey" A.R. Dayes III
treyd@phillipslaw.com
Attorney for Plaintiffs