## AFFIDAVIT OF CAROLINE LARSEN

State of Arizona          )
                          ) ss.
County of Maricopa        )

Caroline Larsen, being duly sworn upon her oath, deposes and states as follows:

1.      I am an adult resident of the State of Arizona, and am competent to testify as to all of the facts set forth herein and have personal knowledge of the matters set forth herein. My personal knowledge is based upon my observations and personal participation in the events described below.

2.      I am an attorney licensed to practice in the State of Arizona and a shareholder with Ogletree, Deakins, Nash, Smoak & Stewart, P.C. I am one of the attorneys of record for case number CV13-00417-PHX-HRH, *Lawrence, et al. v. Dependable Medical Transport Services, L.L.C., et al.*, before the United States District Court, District of Arizona.

3.      On or around August 20, 2013, Plaintiffs served their First Request for Production of Documents on Defendants ("Plaintiffs' First RFP").

4.      On October 23, 2013, I advised Plaintiffs' counsel, Trey Dayes, that we had five (5) bankers' boxes containing documents responsive to Plaintiffs' First RFP. These documents comprised various personnel files, payroll information and dispatch records for the opt-in plaintiffs, and some Company policies of Dependable Medical Transport Services, L.L.C. ("DMTS"). Mr. Dayes and I agreed that his vendor could retrieve the bankers' boxes and copy or scan them for Mr. Dayes, then return to my office. Mr. Dayes indicated that he would have his vendor, Xact Data Discovery, pick up the documents from my office. See Exhibit 1.

5.      On or around October 28, 2013, Xact picked up the bankers boxes from my office. A few days later, Xact returned the boxes to my office.

6.      On November 8, 2013, Defendants served their formal written responses to Plaintiff's First RFP ("Defendants' RFP Response"). A true and correct copy of Defendants' RFP Response is attached hereto as Exhibit 2.

7.      On May 9, 2014, Plaintiffs filed their Motion for Partial Summary Judgment (the "Motion") (Doc. 113). Among the exhibits, Plaintiffs filed several emails as Exhibit D to their Motion (Doc. 113-4) that are clearly attorney/client privileged communications between Defendants Richard Ganley and William Gibbs, and/or former DMTS employee Terry Reilly, and Defendants' attorneys of record, Burr Shields, Michelle Matheson, and Tracy Miller.

8.      The emails contained in Exhibit D to Plaintiffs' Motion for Partial Summary Judgment (the "Privileged Materials") were not intentionally included in the

materials provided to Plaintiffs' vendor for copy, nor were they otherwise deliberately disclosed to Plaintiffs' counsel at any time.

9.      On May 14, 2014, I called both Mr. Dayes and his colleague, Nasser Abujbara, and left voicemail messages indicating that I wished to speak with them to discuss Plaintiffs' Motion filed the previous week and, specifically, the attorney-client privileged emails filed therewith. I followed up via email to both Mr. Dayes and Mr. Abujara urging them to contact me immediately to discuss the issue. A true and correct copy of my email is attached hereto as Exhibit 3. Neither of them returned my call.

10.     Later that day, I wrote Mr. Dayes explaining that the disclosure of the attorney-client privileged emails was inadvertent and that he was required to immediately notified defense counsel upon his receipt of the emails. In my letter, I demanded that he return all copies of the attorney-client privileged communications, certify that he has destroyed all copies thereof, and withdraw Plaintiffs' Motion. I also reminded Mr. Dayes of his ethical duty pursuant to Ethical Rule 4.4(b) to return these privileged materials upon receipt of them. A true and correct copy of my May 14 letter is attached hereto as Exhibit 4.

11.     On May 15, 2014, Mr. Dayes responded to my May 14 letter via email, insisting that Defendants' inadvertent production of the attorney-client privileged email communications was intentional, referring to defense counsel's demand that he return the materials as a "trumped-up ethical violation," and refusing to withdraw Plaintiffs' Motion. A true and correct copy of Mr. Dayes' email is attached hereto as Exhibit 5.

12.     Prior to Plaintiffs' filing their Motion on May 9, 2014, defense counsel was not aware of the inadvertent disclosure of the attorney-client privileged emails comprising Exhibit D to the Motion. Defense counsel, including myself, had absolutely no knowledge that Plaintiffs' counsel was in possession of these emails, nor does defense counsel know how the materials were inadvertently disclosed.

Pursuant to the laws of the United States of America and the State of Arizona, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 20th day of May, 2014 in Phoenix, Arizona.

_____
Caroline Larsen

SUBSCRIBED AND SWORN before me this 20th day of May, 2014 by Caroline Larsen.

_____

Notary Public My Commission Expires:



Notary Public State of Arizona
Maricopa County
Eva A Pintor
My Commission Expires 10/24/2016

2

# EXHIBIT 1

**Pintor, Eva A.**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Wednesday, October 23, 2013 1:44 PM |
| **To:** | Trey Dayes |
| **Cc:** | Miller, Tracy A.; Nasser Abujbara; Trey DayesGmail |
| **Subject:** | RE: DMTS v Lawrence - Defendants' responses to Plaintiffs' discovery requests |

Trey – October 28 or 29 work for me. Yes, if you wish scan or copy the documents, your copy/scan service may take the documents for that purpose and return them to our office. At present, we have approximately five bankers boxes of documents responsive to plaintiffs' requests.

**Caroline Larsen | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3756 | Fax: 602-778-3750
caroline.larsen@ogletreedeakins.com | www.ogletreedeakins.com

**From:** Trey Dayes [mailto:TreyD@phillipsdayeslaw.com]
**Sent:** Tuesday, October 22, 2013 4:36 PM
**To:** Larsen, Caroline
**Cc:** Miller, Tracy A.; Nasser Abujbara; Trey DayesGmail
**Subject:** RE: DMTS v Lawrence - Defendants' responses to Plaintiffs' discovery requests

We are available for inspection on 10/24, 10/28 in the PM and 10/29 all day. If after inspecting we want to scan or copy the documents can our copy/scan service take possession of the documents for that purpose and return them to you? About how many boxes are we talking about because I'm thinking of just having them scanned or copied? Also, attached is our draft of the deadlines. Thanks, Trey

Trey Dayes, Managing Partner

*PHILLIPS DAYES LAW GROUP, P.C. | Overtime Rights, Employment Law & Medical Malpractice*
*Phoenix: 3101 North Central Avenue, Suite 1500 Phoenix, AZ 85012 | Direct line: 602-288-1610 | Fax: 602-288-1664*
*| Email: treyd@phillipsdayeslaw.com | phillipsdayeslaw.com |*
*Tucson: 2 East Congress St. Suite 900 | Tucson, AZ  85701 | (520) 295-4444 | 1-800-706-3000*
*Salt Lake City: 4001 Sount 700 East  5th | Floor Salt Lake City, UT  84107 | (801) 583-8888*
*San Diego: 7676 Hazard Center Dr., Hazard Center Shopping Center 5th Floor |San Diego, CA  92108*
*(800) 706-3000*

*https://www.facebook.com/PhillipsDayesLawGroupPc | https://twitter.com/treydayes*

*IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment) WARNING: This communication is confidential and is only to be read by the intended recipient. It is subject to attorney-client and other privileges. If you received this communication in error, these privileges are not waived. Please immediately delete the contents of this message without disclosing the contents to anyone, using them for any purpose, or storing or copying the information in any medium and please contact the sender.*

**From:** Larsen, Caroline [mailto:Caroline.Larsen@ogletreedeakins.com]
**Sent:** Tuesday, October 22, 2013 3:49 PM
**To:** Trey Dayes
**Cc:** Miller, Tracy A.; Nasser Abujbara
**Subject:** DMTS v Lawrence - Defendants' responses to Plaintiffs' discovery requests

Trey,

We are serving Defendants' responses to Plaintiffs' first set of non-uniform interrogatories today. We are finalizing our written responses to Plaintiffs' first set of requests for production, and have most of the responsive documents at our office available for your inspection. Please propose some dates/times you would like to come review them and we will set them up in a conference room.

Also, we need to confer regarding deadlines for the Scheduling Order, due October 31. Would you like to schedule a time to discuss, or do you prefer to send a draft first so that we have a starting point for our discussion?

Just let us know.

Best regards,

**Caroline Larsen | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3756 | Fax: 602-778-3750
caroline.larsen@ogletreedeakins.com | www.ogletreedeakins.com

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*Unless expressly stated to the contrary herein, nothing in this message was intended or written to be used, nor may be relied upon or used: (a) to avoid any penalties that could be imposed under the Internal Revenue Code of 1986, as amended, or (b) to recommend or support the promotion or marketing of any federal tax transaction or issue discussed herein.*

EXHIBIT 2

1    Tracy A. Miller (No. 015920)
Caroline Larsen (No. 022547)
2    OGLETREE, DEAKINS, NASH,
3    SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
4    Phoenix, Arizona 85016
5    Telephone:  (602) 778-3700
Tracy.Miller@ogletreedeakins.com
6    Caroline.Larsen@ogletreedeakins.com

7

8    James Burr Shields II
Milligan Lawless, PC
9    4647 N. 32nd St. Suite 170
Phoenix, AZ 85018
10   Telephone: (602) 307-0784
burr@milliganlawless.com

11

12   Attorneys for Defendants Dependable Medical
Transport Services, L.L.C., DMTS, LLC, Three
13   Man Transport, LLC, Gibbs Investments, LLC,
Richard A. Ganley and William H. Gibbs
14

15            **UNITED STATES DISTRICT COURT**

16                **DISTRICT OF ARIZONA**

17

18   Arthur Lawrence and Brandy Lawrence,
husband and wife; Ricardo Ramirez and
19   Elisha Ramirez, husband and wife; Jimmie
Stanton, a single man; Megan West, a
20   married woman; on behalf of themselves
and others similarly situated,

21                 Plaintiff,

22   v.

23   Dependable Medical Transport Services,
L.L.C. an Arizona limited liability
24   company; Three Man Transport, L.L.C., an
Arizona limited liability company, Gibbs
25   Investments, L.L.C., an Arizona limited
liability company; Gibbs Investment Trust;
26   Richard A. Ganley and Jane Doe Ganley 2,
husband and wife; William H. Gibbs and
27   Jane Doe Gibbs, husband wife,

28               Defendants.

No. CV13-00417-PHX-HRH

**DEFENDANTS' RESPONSES TO
PLAINTIFFS' FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

Pursuant to Rule 34, Federal Rules of Civil Procedure, Defendants Dependable Medical Transport Services, L.L.C., DMTS, LLC, Three Man Transport, LLC, Gibbs Investments, LLC, Richard Ganley and William Gibbs (collectively "Defendants"), by and through undersigned counsel, hereby respond to Plaintiffs' Request for Production of Documents. Each document produced in response to these requests is subject to all objections as to competence, relevance, materiality, admissibility, and all other objections on any ground that would require the exclusion of any document(s) at the time of trial. These objections are expressly reserved and may be interposed at the time of trial. No incidental or implied admissions are intended by the production of the requested documents. The fact that Defendants have produced any documents should not be taken as an admission that Defendants accept or admit the existence of any facts set forth, or that such document constitutes admissible evidence, nor should the fact that Defendants have produced documents in response to a particular request be construed to be a waiver by Defendants of any objections to that particular request.

## GENERAL OBJECTIONS

1.    To the extent that any of the Requests seek documents that are, in whole or in part: (a) documents prepared in anticipation of litigation or for trial, trial preparation materials, or attorney work product not discoverable under Federal Rule of Civil Procedure 26(b)(3); (b) protected by the attorney-client privilege, self-critical analysis privilege, or other privilege(s); or (c) materials that Defendants, by law or agreement, is required to maintain in confidence or privacy, Defendants object to each and every such Request and will not supply or render any protected information or documents.

2.    Defendants object to the Requests to the extent they purport to require Defendants to obtain and provide documents that are not in their possession, or subject to their custody or control.

Defendants provide the following responses and objections, and the enclosed documents, to Plaintiffs' Requests solely for purposes of this action. Defendants have not completed their investigation of the facts relating to this case, have not completed

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

2

1   discovery, and have not completed their preparation for trial. These responses are based

2   upon the information and documents presently available and specifically located by

3   Defendants and their attorneys and, except for explicit facts submitted herein, no

4   incidental or implied admissions are intended hereby.

5       Defendants reserve the right to supplement and amend their responses and

6   objections to Plaintiffs' Requests, pursuant to the Federal Rules of Civil Procedure, if

7   additional information and/or responsive documents are discovered subsequent to service

8   of these responses.

9       Subject to the foregoing, Defendants respond as follows:

10                          **REQUESTS FOR PRODUCTION**

11      1.   All documents which evidence the terms and conditions of Plaintiffs'

12  employment with Defendant, including all company and personnel manuals, employee

13  handbooks, job descriptions for Plaintiffs'[1] position with Defendant, and memos or other

14  documents that Defendant provided to Plaintiffs.

15  **RESPONSE:**

16      Defendants object to this Request on the grounds that it is overbroad and overly

17  burdensome as it requests "[a]ll documents which evidence the terms and conditions of

18  Plaintiffs' employment with Defendant," which conceivably could encompass virtually

19  every document reflecting Defendants' business operations. Defendants further object to

20  this Request on the grounds that it is overbroad as it contains no time limitation. Subject

21  to these objections, business records responsive to this Request are available for

22  inspection at the office of Defendants' counsel, with proper notice.

23

24      2.   All daily time records, time slips, time cards or any other records

25  maintained by Defendant evidencing the time Plaintiffs arrived at work, began work,

26

27  [1] "Plaintiffs" refers to the named Plaintiffs Arthur Lawrence, Brandy Lawrence, Elisha Ramirez, Ricardo Ramirez, Jimmie Stanton, and. Megan West. "Plaintiffs" also refers to all opt-in Plaintiffs.

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 East Camelback Road, Suite 800 Phoenix, Arizona 85016 (602) 778-3700

1  were on break, was at lunch or departed from work. Your response to this request should

2  include, but is not limited to, time sheets or sign-in sheets by Plaintiffs, time records

3  completed by any other individual that monitored Plaintiffs' work or notes taken by any

4  other employee or supervisor that worked for or with Defendant.

5  **RESPONSE:**

6      Defendants object to this Request on the grounds that it is overbroad and overly

7  burdensome as it contains no time limitation.

8      Defendants further object on the grounds that this Request is premature and over-

9  burdensome, as it seeks information relevant only to Plaintiffs' purported damages. The

10  Court has directed the parties to limit discovery at this phase of the case to exclude issues

11  that pertain to individual plaintiff's claims for damages or losses under §§ 206 and 207.

12  The Court further ordered that, in the event that Defendants' motion to decertify the class

13  is denied, the parties would then set a proposed plan for any additional discovery related

14  to those issues. Accordingly, Defendants object to providing documents responsive to

15  this Request at this stage of the litigation.

16      Subject to these objections, Dependable Medical Transport Services has made

17  business records responsive to this Request available for inspection at the office of

18  Defendants' counsel.

19

20      3.    The personnel file of Plaintiffs.

21  **RESPONSE:**

22      Business records responsive to this Request are available for inspection at the

23  office of Defendants' counsel, with proper notice.

24

25      4.    For each pay period of Plaintiffs' employ, all paychecks, pay reports, pay

26  stubs, computer reports or printouts or other documents evidencing the amount paid to

27  Plaintiffs, the number of hours reportedly worked by Plaintiffs, all deductions from

28  Plaintiffs' compensation and the periods for which Plaintiffs were absent from work.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

4

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome as it requests documents "[f]or each pay period of Plaintiffs' employ." The scope of the Request exceeds the time period at issue in this action.

Defendants further object on the grounds that this Request is premature and over-burdensome, as it seeks information relevant only to Plaintiffs' purported damages. The Court has directed the parties to limit discovery at this phase of the case to exclude issues that pertain to individual plaintiff's claims for damages or losses under §§ 206 and 207. The Court further ordered that, in the event that Defendants' motion to decertify the class is denied, the parties would then set a proposed plan for any additional discovery related to those issues. Accordingly, Defendants object to providing documents responsive to this Request at this stage of the litigation.

Subject to these objections, Dependable Medical Transport Services has made business records responsive to this Request available for inspection at the office of Defendants' counsel.

5.    All payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed in a similar capacity as Plaintiffs, the practices of Defendant with respect to the payment of overtime compensation to employees such as Plaintiffs, the practices as far as any deductions to be made from an employee's reported time spent working, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiffs.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome as it requests documents pertaining to "employees similarly situated to Plaintiffs," which are not relevant to this action. In addition, the scope of the Request

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

1 contains no time limitation. Subject to these objections, business records responsive to

2 this Request are available for inspection at the office of Defendants' counsel, with proper

3 notice.

4

5      6.      All documents or records relied upon as a basis for responding to Plaintiffs'

6 Interrogatories to Defendant.

7 **RESPONSE:**

8      Defendants object to this Request on the grounds that seeks information that is, in

9 whole or in part: (a) trial preparation materials or attorney work product not discoverable

10 under Federal Rule of Civil Procedure 26(b)(3); and/or (b) protected by the attorney-

11 client privilege, self-critical analysis privilege, or other privilege, exemption, or immunity

12 available to Defendants. Defendants object to identifying which documents their legal

13 counsel reviewed or relied upon to assist Defendants in answering Plaintiffs'

14 Interrogatories. Subject to these objections, business records responsive to this Request

15 are available for inspection at the office of Defendants' counsel, with proper notice.

16

17      7.      All forms W-2 or 1099 prepared for Plaintiffs by Defendant.

18 **RESPONSE:**

19      Defendants object to this Request on the grounds that it is overbroad and overly

20 burdensome as it contains no time limitation. Defendants further object on the grounds

21 that this Request is premature and over-burdensome, as it seeks information relevant only

22 to Plaintiffs' purported damages. The Court has directed the parties to limit discovery at

23 this phase of the case to exclude issues that pertain to individual plaintiff's claims for

24 damages or losses under §§ 206 and 207. The Court further ordered that, in the event that

25 Defendants' motion to decertify the class is denied, the parties would then set a proposed

26 plan for any additional discovery related to those issues. Accordingly, Defendants object

27 to providing documents responsive to this Request at this stage of the litigation.

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

1    Furthermore, to the extent that documents responsive to this Request contain the

2    same information, in cumulative form, as that contained in documents responsive to

3    Plaintiffs' Request for Production number 4, Defendants object to providing the same

4    information in multiple forms.

5    Subject to these objections, Dependable Medical Transport Services has made

6    business records responsive to this Request available for inspection at the office of

7    Defendants' counsel.

8

9    8.    The corporate or organizational chart of Defendant.

10   **RESPONSE:**

11   After a diligent search and reasonable inquiry, Defendants have not identified any

12   documents responsive to this Request.

13

14   9.    If Defendant claims that they have relied upon any opinion, ruling,

15   regulation, interpretation or document drafted, issued or promulgated by the United

16   States Department of Labor as a basis for its failure to pay Plaintiffs overtime

17   compensation or as a basis for claiming that it has paid Plaintiffs overtime compensation,

18   produce all such documents.

19   **RESPONSE:**

20   Defendants object to this Request on the grounds that it is overbroad and overly

21   burdensome, as it contains no time limitation and seeks information that is, in whole or in

22   part: (a) trial preparation materials or attorney work product not discoverable under

23   Federal Rule of Civil Procedure 26(b)(3); and/or (b) protected by the attorney-client

24   privilege, self-critical analysis privilege, or other privileges, exemptions, or immunities

25   available to Defendants. Defendants object and will not provide identify the basis for any

26   analysis, advice, guidance or opinions provided by their legal counsel.

27   Subject to that objection, Dependable Medical Transport Services has relied upon

28   the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*, as well as

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

7

various rulings, regulations, opinions, interpretations and case law related to various exemptions to the FLSA, including the Motor Carrier Act exemption (13(b)(1) exemption), the exemption applicable to employees of a service establishment who are paid on a commission basis (7(i) exemption), the exemption applicable to taxicab drivers (13(b)(17) exemption) and the exemptions applicable to employees work in an executive or the administrative capacity in support of its determination that Plaintiffs are not entitled to be paid time-and-a-half for hours worked in excess of forty (40) per work week. Details regarding rulings, regulations and/or interpretations that support this determination include, but are not limited to, those described in Defendants' Response to Plaintiffs' Motion for Preliminary Collection Action Certification, Doc. 41, pages 12-20.

Defendants object to producing these documents, as they are equally available to both Plaintiffs and Defendants.

10.    With respect to any audits, reconciliations, reviews or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 2000 of Defendant, or any entity owned in whole or in part by Defendant, produce all correspondence, reports, schedules, work papers, opinions and other documents that relate or pertain to said inquiry by any state agency examining any allegations of failure to pay proper wages.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome, as it seeks documents extending back over a thirteen-year time frame. Subject to that objection, Dependable Medical Transport Services has made non-privileged or otherwise protected business records responsive to this Request available for inspection at the office of Defendants' counsel.

11.    Any and all collective bargaining agreements pertaining to, relating to, or including your employees to which Plaintiffs were subjected.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

**RESPONSE:**

Defendants have no documents responsive to this Request.

12.    With respect to any lawsuits filed against Defendant after 2000 relating to the payment of overtime compensation, and/or minimum wage compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

**RESPONSE:**

Defendants object to this Request on the grounds that it is unduly broad and burdensome in that it seeks "[a]ll pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements," for an arbitrary thirteen-year period that far exceeds the time frame at issue in this lawsuit. As such, the Request seeks documents that are neither relevant to the claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, if such pleadings existed, they would be part of the public record and Defendants would object to producing these documents, as they would be equally available to both Plaintiffs and Defendants.

In addition, Defendants object to the extent that they could be required, by law or agreement, to maintain in confidence or privacy any settlement documents, releases, waivers, and confidentiality agreements, if they existed.

Subject to these objections, after a diligent search and reasonable inquiry, Defendants have not identified any documents responsive to this Request except for documents related to this action, which are equally available to both Plaintiffs and Defendants.

13.    Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

1  U.S. Department of Labor, or the supervision of any state agency, including the amount

2  of such payment to each employee, the period covered by such employment, the date of

3  the payment and the name(s) of the employee(s) to whom such payment was made.

4  **RESPONSE:**

5      Defendants object to this Request on the grounds that it is overbroad and overly

6  burdensome, as it contains no time limitation and seeks documents "identifying

7  retroactive payment of wages or compensation under . . . the supervision of any state

8  agency," which could include retroactive payment of wages or compensation that are

9  unrelated to claims arising under the Fair Labor Standards Act. Such documents, if they

10  existed, would be neither relevant to the claims, issues or defenses in this lawsuit, nor

11  reasonably calculated to lead to the discovery of admissible evidence.

12      Subject to that objection, after a diligent search and reasonable inquiry,

13  Defendants have not identified any documents responsive to this Request.

14

15      14.   If Defendant maintains that its annual gross volume of sales made or

16  business done or gross revenue for taxable years beginning 2000 is less than $500,000

17  annually, produce all documents evidencing the gross receipts of Defendant for taxable

18  years beginning 2000. Your response to this request should include, but not be limited to,

19  financial statements (whether audited or not), all loan applications and all sales and other

20  receipts for the years at issue.

21  **RESPONSE:**

22      Defendants object to this Request on the grounds that it is unduly broad and

23  burdensome in that it seeks "all documents evidencing the gross receipts of Defendant for

24  taxable years beginning 2000," a thirteen-year period that far exceeds the time frame at

25  issue in this lawsuit. Dependable Medical Transport Services, L.L.C. denies that its

26  annual gross volume of sales made or business done or gross revenue for taxable years

27  beginning 2000 was more than $500,000 annually because the Company was not formed

28  until July 8, 2003. DMTS, LLC was formed on June 21, 2007 and currently is a non-

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 East Camelback Road, Suite 800 Phoenix, Arizona 85016 (602) 778-3700

active Arizona limited liability company. Three Man Transport, LLC was formed on August 28, 2003 and is an Arizona limited liability company that functions as a member/holding company for DMTS, LLC. Finally, Gibbs Investments, LLC was not formed until June 5, 2001. As such, the Request seeks documents that are neither relevant to the claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Upon a showing of the relevance of this request and/or a reasonable narrowing of the scope of this request, Defendants will reevaluate their response.

15. All documents evidencing the reporting of the earnings of Plaintiffs to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Arizona Department of Economic Security.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome, as it contains no time limitation. Defendants also object to this Request on the grounds that it seeks documents that are neither relevant to the claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. While evidence of Plaintiffs' earnings may ultimately be relevant (at the appropriate phase of this action, as described in the next paragraph), documents evidencing the reporting the earnings of Plaintiffs to third parties are not relevant. Documents reflecting Plaintiffs' earnings are requested in Plaintiffs' Requests for Production numbers 2, 4 and 7. Defendants object to providing the same information in multiple forms.

Defendants further object on the grounds that this Request is premature and over-burdensome, as it seeks information relevant only to Plaintiffs' purported damages. The Court has directed the parties to limit discovery at this phase of the case to exclude issues that pertain to individual plaintiff's claims for damages or losses under §§ 206 and 207.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

1    The Court further ordered that, in the event that Defendants' motion to decertify the class

2    is denied, the parties would then set a proposed plan for any additional discovery related

3    to those issues. Accordingly, Defendants object to providing documents responsive to

4    this Request at this stage of the litigation.

5        Subject to these objections, Dependable Medical Transport Services has made

6    business records responsive to this Request available for inspection at the office of

7    Defendants' counsel.

8

9        16.    To the extent any part of the remuneration and/or compensation paid to

10   Plaintiffs was not reflected in Plaintiffs' pay check, produce all documents evidencing the

11   amount, date and nature and purpose of all such payments.

12   **RESPONSE:**

13       Defendants respond that all remuneration and/or compensation paid to Plaintiffs

14   for services rendered to Defendant are reflected in the payroll records of Dependable

15   Medical Transport Services, L.L.C.

16

17       17.    Any and all correspondence sent to or from Plaintiffs regarding their job

18   duties, work performance, hours worked, or amounts to be paid.

19   **RESPONSE:**

20       Defendants object to this Request on the grounds that it is overbroad and overly

21   burdensome as it contains no time limitation. Defendants further object to this Request on

22   the grounds that it is unduly broad and burdensome in that it seeks "[a]ny and all

23   correspondence sent to or from Plaintiffs regarding their job duties, work performance,

24   hours worked, or amounts to be paid," which arguably encompasses every single written

25   and/or electronic communication between Dependable Medical Transport Services,

26   L.L.C. and Plaintiffs for the entirety of Plaintiffs' employment. As such, the Request

27   seeks documents that are neither relevant to the claims, issues or defenses in this lawsuit,

28   nor reasonably calculated to lead to the discovery of admissible evidence.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

12

Furthermore, if such correspondence existed, Defendants would object to producing these documents, as they would be equally available to both Plaintiffs and Defendants.

Subject to these objections, Dependable Medical Transport Services responds that, to the extent that pay stubs constitute "correspondence sent to . . . Plaintiffs regarding their . . . hours worked, or amounts to be paid," Defendants have made business records responsive to this Request available for inspection at the office of Defendants' counsel.

18.    Any and all correspondence in Defendant's possession, except those protected by attorney-client privilege, as to Plaintiffs, their work with Defendant, the hours they worked with Defendant, and the current lawsuit. Your response to this request should include, but is not limited to, internal company memorandum, internal company emails, emails sent from personal accounts by Defendant's employees for purpose of Defendant's business, and/or emails or letters sent to any third parties as to Plaintiffs.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome as it contains no time limitation. Defendants further object to this Request on the grounds that it is unduly broad and burdensome in that it seeks "[a]ny and all correspondence in Defendant's possession, except those protected by attorney-client privilege, as to Plaintiffs, their work with Defendant, the hours they worked with Defendant, and the current lawsuit," which arguably encompasses every single written and/or electronic communication between Dependable Medical Transport Services, L.L.C. and Plaintiffs (or between Dependable Medical Transport Services, L.L.C. and third parties, to the extent those communications concerned Plaintiffs) for the entirety of Plaintiffs' employment. As such, the Request seeks documents that are neither relevant to the claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

13

Subject to these objections, Dependable Medical Transport Services responds that, to the extent that pay stubs constitute "correspondence in Defendant's possession, except those protected by attorney-client privilege, as to Plaintiffs, their work with Defendant, [and] the hours they worked with [Dependable Medical Transport Services]," Defendants have made business records responsive to this Request available for inspection at the office of Defendants' counsel.

19.    Any and all statements (sworn or unsworn) collected by Defendant or Defendant's agents relating to Plaintiffs' work with Defendant.

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome as it contains no time limitation. Defendants further object to this Request on the grounds that it is unduly broad and burdensome in that it seeks "[a]ny and all statements (sworn or unsworn) collected by Defendant or Defendant's agents relating to Plaintiffs' work with Defendant," without limitation to statements related to issues relating to Plaintiffs' work with Dependable Medical Transport Services, L.L.C. that are, in any way, relevant to the claims, issues or defenses in this lawsuit, or reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Defendants respond that Terry Reilly, President of Dependable Medical Transport Services, provided a declaration that concerns the facts of this case or the matters alleged in Defendants' pleadings. *See* Doc. 41-1, attached to Defendants' Response to Plaintiffs' Motion for Preliminary Collection Action Certification.

20.    Any and all Global Positioning System data for any and all DMTS vehicles Plaintiffs' drove while employed.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

14

**RESPONSE:**

Defendants object to this Request on the grounds that it is overbroad and overly burdensome as it seeks data for the entirety of Plaintiffs' employment. Subject to this objection, Dependable Medical Transport Services have made dispatch/GPS records reflecting when Drivers start their route for the day, and reflecting their route throughout the workday, available for inspection at the office of Defendants' counsel.

21.    Any and all emails from 2011 to present and other electronic communications made by Terry Reily from any email account.

**RESPONSE:**

Defendants object and decline to respond to this Interrogatory on the grounds that this Interrogatory seeks confidential, personal information that is neither relevant to the claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will reconsider this objection if Plaintiffs can provide a satisfactory explanation of how all email activity – without limitation as to topic or recipient/sender – of an individual who is not a defendant in this action could have any tendency to make the existence of any fact that might be of consequence to the determination of this action more or less probable.

22.    Any and all emails from 2011 to present and other electronic communications made by Jose Celeya from any email account.

**RESPONSE:**

Defendants object and decline to respond to this Interrogatory on the grounds that this Interrogatory seeks confidential, personal information that is neither relevant to the claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will reconsider this objection if Plaintiffs can provide a satisfactory explanation of how all email activity – without limitation as to topic or recipient/sender – of an individual who is not a defendant in this action could

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

15

1   have any tendency to make the existence of any fact that might be of consequence to the

2   determination of this action more or less probable.

3

4       23.   Any   and   all   emails   from   2011   to   present   and   other   electronic

5   communications made by Donna Anderson from any email account.

6   **RESPONSE:**

7       Defendants object and decline to respond to this Interrogatory on the grounds that

8   this Interrogatory seeks confidential, personal information that is neither relevant to the

9   claims, issues or defenses in this lawsuit, nor reasonably calculated to lead to the

10  discovery of admissible evidence. Defendants will reconsider this objection if Plaintiffs

11  can provide a satisfactory explanation of how all email activity – without limitation as to

12  topic or recipient/sender – of an individual who is not a defendant in this action could

13  have any tendency to make the existence of any fact that might be of consequence to the

14  determination of this action more or less probable.

15

16      DATED this 8th day of November 2013.

17                              OGLETREE, DEAKINS, NASH, SMOAK
                                & STEWART, P.C.
18

19                              By _____

20                                  Tracy A. Miller
                                    Caroline Larsen
21                                  2415 East Camelback Road, Suite 800
                                    Phoenix, Arizona 85016
22

23                                  Attorneys for Defendants Dependable
                                    Medical Transport Services, L.L.C.,
24                                  DMTS, LLC, Three Man Transport,
                                    LLC, Gibbs Investments, LLC, Richard
25                                  A. Ganley and William H. Gibbs

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November 2013, I served the original and a copy of the foregoing via first-class mail, postage prepaid, on the following:

Trey A. R. Dayes, III
Phillips Dayes Law Group PC
3101 N. Central Avenue, Suite 1500
Phoenix, AZ 85012
*Attorney for Plaintiffs*

James Burr Shields II
Milligan Lawless, PC
4647 N. 32nd St. Suite 170
Phoenix, AZ 85018
*Attorney for Defendants*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

17

# EXHIBIT 3

**Pintor, Eva A.**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Wednesday, May 14, 2014 1:52 PM |
| **To:** | Trey Dayes; Nasser Abujbara |
| **Cc:** | Miller, Tracy A. |
| **Subject:** | Lawrence et al v. Dependable Medical Transport Services - urgent discovery issue |

Trey and Nasser,

I just left voicemail messages for both of you. I am attempting to contact you to discuss Plaintiffs' Motion for Partial Summary Judgment filed last week and, specifically, the emails attached thereto, which are clearly attorney-client privileged communications. Please call me at the number below immediately to discuss.

Regards,

**Caroline Larsen | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3756 | Fax: 602-778-3750
caroline.larsen@ogletreedeakins.com | www.ogletreedeakins.com | Bio

EXHIBIT 4

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletreedeakins.com

Tracy A. Miller
602.778.3704
tracy.miller@ogletreedeakins.com

Caroline Larsen
602.778.3756
caroline.larsen@ogletreedeakins.com

May 14, 2014

**Via E-Mail (treyd@phillipsdayeslaw.com)**

Trey Dayes
Phillips Dayes Law Group PC
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012

RE:    *Lawrence et al. v. Dependable Medical Transport Services - improper disclosure of privileged materials*

Dear Trey,

I tried to reach you by phone and email today to discuss the very serious matter of your improper and unauthorized disclosure of privileged attorney-client communications in connection with Plaintiffs' Motion for Partial Summary Judgment, filed on May 9, 2014 (Doc. 113). Specifically, Exhibit D to that Motion (Doc. 113-4) discloses numerous emails between Defendants Richard Ganley and William Gibbs, and/or former Dependable Medical Transport Services employee Terry Reilly and DMTS' attorneys of record, Burr Shields, Michelle Matheson, and undersigned counsel regarding this action and the Department of Labor investigation involving similar issues.

We are unsure as to how you or your client came into possession of these privileged attorney-client privileged communications, but note that other privileged communications are included in the folder marked "Miscellaneous" on the disk provided to us by Xact Data Discovery, the copying/scanning service that you have used in this action. These include files 0005-6, 0009-0010, 0019-26, 0028, and 0033-34, 0037, 0039-43.

Upon your receipt of these privileged communications, you had an ethical duty to promptly notify us. ER 4.4(b) provides that: "A lawyer who receives a document and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender and preserve the status quo for a reasonable period of time in order to permit the sender to take protective measures." The comment to that rule further states: "If a lawyer knows or reasonably should know that a document was sent inadvertently, then this Rule requires the lawyer to stop reading the document, to make no use of the document, and to promptly notify the sender in order to permit that person to take protective measures."

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

Trey Dayes
May 14, 2014
Page 2

**Ogletree
Deakins**

Upon seeing the parties to the above-referenced communications, and the topics discussed therein, you must have realized that these were privileged communications that you were not authorized to have. Not only did you fail to notify our office of your possession of these documents, you further failed to preserve the status quo and, to the contrary, publicly disclosed several of these communications in connection with Plaintiffs' Motion for Partial Summary Judgment.

Regardless as to how you or your client obtained these privileged communications, all privileges and protections remain in full effect. We demand that you immediately:

- return all copies of privileged communications, work product or other protected materials in you and/or your clients' possession to us;

- certify that you have destroyed any and all copies of any such documents that you may have in other (*i.e.* electronic) forms; and

- withdraw Plaintiffs' Motion for Partial Summary Judgment (Doc. 113) and, if you elect to refile it, do so without Exhibit D or any references to the materials contained in that exhibit.

If you fail to comply with all of these requests, we will immediately seek relief, including sanctions up to and including dismissal of this action, from the Court.

If you wish to discuss this matter further, please call me or Tracy Miller at the numbers listed above.

Sincerely,

Caroline Larsen

cc: Nasser Abujbarah

# EXHIBIT 5

**Pintor, Eva A.**

| | |
|---|---|
| **From:** | Trey Dayes <treyd@phillipsdayeslaw.com> |
| **Sent:** | Thursday, May 15, 2014 10:21 AM |
| **To:** | Larsen, Caroline |
| **Cc:** | Miller, Tracy A.; Sean Davis; Nasser Abujbarah; Trey Dayes |
| **Subject:** | FW: Lawrence vs DMTS [ODNSS-OGL.034304.000001] |
| **Attachments:** | DMTS initial production of documents.pdf; Defendants' Responses to First RFP's131111.pdf; DMTS Second Review of documents produced.pdf |

Caroline:

I received your May 14, 2014 letter. Your letter is extremely dishonest. You state that you don't know how we got these documents, but you do. You clearly, intentionally, produced these documents and waived any privilege in response to our requests for production of documents. I'm attaching to this email an email string where you agree Xact can come and scan the documents and return them to you and that the documents are in response to our request for production of documents. *See DMTS initial production of documents attached.*

I'm also attaching your responses to our request for production of documents where, you unequivocally state that you waived any potential privilege. *See Defendants' Responses to First RFP's131111 attached.*

Here is our request for production and your clear response:

**Request for Production 10:**

With respect to any audits, reconciliations, reviews or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 2000 of Defendant, or any entity owned in whole or in part by Defendant, produce all correspondence, reports, schedules, work papers, opinions and other documents that relate or pertain to said inquiry by any state agency examining any allegations of failure to pay proper wages.

**Your Response:**

Dependable Medical Transport Services has made nonprivileged or **otherwise protected business records responsive to this Request available for inspection at the office of Defendants' counsel.** *See Defendants' Responses to First RFP's131111 attached.*

You clearly state that you provided protected business records in response to this request, thus waiving any privilege. I read that response and had and still have, no reason to believe this was an inadvertent disclosure. You intended us to have these documents. The documents were disclosed in specific response to our request about the Department of Labor investigation. That's what they are about, presumably you could use them to argue that you were complying with the DOL to aid your defense against willfulness for the 3 year statute of limitations issue. It was clearly intentional, not in any way inadvertent. Now that they prove individual liability, you want to withdraw them.

This conclusion is further bolstered by the fact you reviewed the documents a second time after they were produced. In a December 3, 2013 email you clearly state:

In reviewing the documents previously provided in response to plaintiffs' requests for production to

1

try to determine how plaintiffs calculated such an overinflated damages figure, we realize that the route data we previously provided contains information regarding the patients transported by each Driver, which raises concerns about the patients' Protected Health Information (PHI), which is protected from disclosure pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Accordingly, we need to retrieve the scanned copies of the route data that you picked up from our office on October 28, and all copies/printouts of the same. (*See DMTS Second Review of documents produced, copy attached*)

At that time you say you reviewed the documents previously provided in response to plaintiffs request for production. Yet the only documents you want back are the route data, which we gave you. Clearly—if the disclosure was inadvertent—you would have asked for them back after a second review back in December 2013. But you didn't. It's clear after two reviews that you intended us to have these documents and now you are changing your story to attempt to win a motion.

Threatening me with a trumped-up ethical violation in order to win a motion is inappropriate and lacks the professionalism that I would expect of those in the practice as long as we have been. I honestly can say I don't believe, I've done anything wrong and I stand by that. This is not the situation where the secretary puts the wrong letter in the wrong envelope. You produced these documents in response to our request about the DOL investigation. You state you are producing protected records intentionally. You reviewed them not once, but twice. This is not an inadvertent disclosure.

I will not withdraw the motion for partial summary judgment. Think twice about taking this to the judge. If you take this to the judge, I will prevail based on your clear statements above. I will seek fees and costs because it is clear that these documents were intentially produced.

You should settle this case. Your guys are clearly exposed.

Trey Dayes, Managing Partner

*PHILLIPS DAYES LAW GROUP, P.C. | Overtime Rights, Employment Law & Medical Malpractice*
*Phoenix: 3101 North Central Avenue, Suite 1500 Phoenix, AZ 85012 | Direct line: 602-288-1610 | Fax:*
*602-288-1664 | Email: treyd@phillipsdayeslaw.com | phillipsdayeslaw.com |*
*Tucson: 2 East Congress St. Suite 900 | Tucson, AZ  85701 | (520) 295-4444 | 1-800-706-3000*
*Salt Lake City: 4001 Sount 700 East 5th | Floor Salt Lake City, UT  84107 | (801) 583-8888*
*San Diego: 7676 Hazard Center Dr., Hazard Center Shopping Center 5th Floor |San Diego, CA  92108*
*(800) 706-3000*

*https://www.facebook.com/PhillipsDayes |https://twitter.com/phillipsdayeslaw*

*IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that, to the extent this communication (or any attachment) addresses any tax matter, it was not written to be (and may not be) relied upon to (i) avoid tax-related penalties under the Internal Revenue Code, or (ii) promote, market or recommend to another party any transaction or matter addressed herein (or in any such attachment) WARNING: This communication is confidential and is only to be read by the intended recipient. It is subject to attorney-client and other privileges. If you received this communication in error, these privileges are not waived. Please immediately delete the contents of this message without disclosing the contents to anyone, using them for any purpose, or storing or copying the information in any medium and please contact the sender.*

**From:** Pintor, Eva A. [mailto:Eva.Pintor@ogletreedeakins.com]
**Sent:** Wednesday, May 14, 2014 3:57 PM
**To:** Trey Dayes
**Cc:** Miller, Tracy A.; Larsen, Caroline; Nasser Abujbarah; Crawford, Lauren A.
**Subject:** Lawrence vs DMTS [ODNSS-OGL.034304.000001]

Mr. Dayes,

Please see attached correspondence regarding the above referenced matter.

Should you have any questions, please feel free to contact Ms. Miller or Ms. Larsen.

Thank you,


**Eva A. Pintor | Legal Secretary | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Esplanade Center III, 2415 East Camelback Road, Suite 800 | Phoenix, AZ 85016 | Telephone: 602-778-3749 | Fax: 602-778-3750
eva.pintor@ogletreedeakins.com | www.ogletreedeakins.com


*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*Unless expressly stated to the contrary herein, nothing in this message was intended or written to be used, nor may be relied upon or used: (a) to avoid any penalties that could be imposed under the Internal Revenue Code of 1986, as amended, or (b) to recommend or support the promotion or marketing of any federal tax transaction or issue discussed herein.*