WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ARTHUR LAWRENCE, et al.,<br><br>      Plaintiffs,<br><br> vs.<br><br>DEPENDABLE MEDICAL TRANSPORT SERVICES, L.L.C., an Arizona limited liability company, et al.,<br><br>      Defendants. | No. 2:13-cv-0417-HRH |

O R D E R

Defendants' Motion to Strike

Defendants move to strike[1] plaintiffs' motion for partial summary judgment. This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

On May 9, 2014, plaintiffs filed a motion for partial summary judgment,[3] to which was attached an exhibit containing emails between defendants and their attorneys. The

---

[1]Docket No. 115.

[2]Docket No. 117.

[3]Docket No. 113.

-1-

emails were apparently produced as part of some 15,000 pages of documents[4] that were produced by defendants in response to plaintiffs' first request for production of documents in October 2013. Defense counsel avers that the emails, which are plainly privileged communications between defendants and their attorneys, "were not intentionally included in the materials provided to Plaintiffs' vendor for copy, nor were they otherwise deliberately disclosed to Plaintiffs' counsel at any time."[5] Defense counsel avers that she was not aware that the emails had been produced until plaintiffs filed their motion for partial summary judgment,[6] even though defense counsel had reviewed defendants' production of documents in late November or early December 2013.

On May 14, 2014, defense counsel contacted plaintiffs' counsel regarding the emails and, relying on Arizona Rule of Professional Conduct 4.4, requested that plaintiffs' counsel return all copies of the privileged emails, certify that he had destroyed all copies, and withdraw plaintiffs' motion for partial summary judgment and refile it, should they elect

---

[4] The documents were in five banker boxes. Most of the documents were in folders organized by plaintiff name. Plaintiffs' counsel contends the emails were in a folder labeled "Miscellaneous" but defense counsel contends there was no such folder.

[5] Affidavit of Caroline Larsen at ¶ 8, which is appended to Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment, Docket No. 115.

[6] Id. at ¶ 12.

to do so, without any mention of the emails.[7] ER 4.4. provides that "[a] lawyer who receives a document and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender and preserve the status quo for a reasonable period of time in order to permit the sender to take protective measures." Comment 2 to ER 4.4 explains that "[i]f a lawyer knows or reasonably should know that a document was sent inadvertently, then this Rule requires the lawyer to stop reading the document, to make no use of the document, and to promptly notify the sender in order to permit that person to take protective measures."

Plaintiffs' counsel declined to comply with any of defense counsel's requests, contending that defendants intentionally produced the emails, or in the alternative, waived any claim to privilege as to the emails.[8] Plaintiffs' counsel speculated that defendants had voluntarily produced the emails "to aid [their] defense against willfulness for the 3 year statute of limitations issue."[9] Plaintiffs' counsel also pointed out that in response to plaintiffs' Request for Production 10, which concerned Department of Labor audits, which

---

[7]Letter from Caroline Larsen to Trey Dayes at 2, Exhibit 4, Larsen Affidavit, which is appended to Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment, Docket No. 115.

[8]Email from Trey Dayes to Caroline Larsen at 1-2, Exhibit 5, Larsen Affidavit, which is appended to Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment, Docket No. 115.

[9]Id. at 1.

was the subject of the emails, defendants had stated that they were producing "'nonprivileged or otherwise protected business records....'"[10] Plaintiffs' counsel read this statement to mean that defendants were waiving their claim to privilege as to the emails.

Defendants then filed the instant motion seeking to strike plaintiffs' motion for partial summary judgment pursuant to Local Rule 7.2(m)(1), which provides, in pertinent part, that "a motion to strike may be filed ... if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule or court order." Defendants argue that because the emails are privileged under Federal Rule of Evidence 502, plaintiffs were prohibited from relying on them in support of their partial motion for summary judgment.

"Rule 502(b) specifies that production of a privileged document does not constitute a waiver of the privilege if the production was 'inadvertent,' the privilege holder 'took reasonable steps to prevent disclosure,' and the privilege holder complied with Rule 26(b)(5)(B)." Briese Lichttechnik Vertriebs GmbH v. Langton, 272 F.R.D. 369, 372 (S.D.N.Y. 2011) (quoting FRE Rule 502(b)). Rule 26(b)(5)(B), Federal Rules of Civil Procedure, "provides that if the producing party has a privilege claim affecting a produced document, that party may notify the recipient, who is then obliged to 'promptly return, sequester or

---

[10]Id. at 1 (quoting Defendants' Response to Plaintiffs' First Request for Production of Documents at 8, Exhibit 2, Larsen Affidavit, which is appended to Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment, Docket No. 115).

destroy the specified information and any copies' and is prohibited from using or disclosing the information until a court resolution, which would be triggered by the discovering party applying to the court for a determination of the privilege claim." Id. (quoting Fed. R. Civ. P. 26(b)(5)(B)).

Defendants notified plaintiffs that defendants had a privilege claim as to the emails. At that point, plaintiffs were required to comply with Rule 26(b)(5)(B), even though defendants did not specifically invoke Rule 26(b)(5)(B). ER 4.4, which defendants did invoke, tracks Rule 26(b)(5)(B), and defendants' invocation of ER 4.4 was sufficient to trigger plaintiffs' obligation to comply with Rule 26(b)(5)(B). Plaintiffs are represented by counsel, who is required to be familiar with and comply with the Federal Rules of Civil Procedure and who should have realized that Rule 26(b)(5)(B) was implicated when defense counsel asserted defendants' claim of privilege as to the emails.

"The requirements in Rule 26(b)(5)(B) are straight forward. Once a party is notified that a claim of privilege is being made, the party must either return or destroy the document or the party may turn the document over to the court for determination of the claim." Piasa Commercial Interiors, Inc. v. J.P. Murray Co., Case No. 07-617-DRH, 2010 WL 1241563, at *2 (S.D. Ill. Mar. 23, 2010). "'Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production' but instead 'provides a procedure for presenting and addressing these issues.'" Bank of

Camden v. State Bank and Trust Co., Case No. 5:13–CV–21 (MTT), 2014 WL 991782, at *2 (M.D. Ga. March 13, 2014) (quoting Fed. R. Civ. P. 26(b)(5) advisory committee's note (2006)). "Even if the [emails] were ... no longer privileged because of a waiver, as [plaintiffs] argue[], these arguments are irrelevant to whether [plaintiffs] complied with Rule 26(b)(5)(B)." Id. "'The rule does not require an actual finding of privilege in order for compliance with its terms[,]' nor does the rule 'provide for the non-asserting party to make the determination on its own.'" Id. (quoting Piasa Commercial Interiors, 2010 WL 1241563, at *2).

Here, plaintiffs took it upon themselves to make a determination as to whether the emails had been inadvertently disclosed and whether the privilege had been waived. Such conduct does not comply with Rule 26(b)(5)(B). Because plaintiffs have failed to comply with Rule 26(b)(5)(B), plaintiffs will not be allowed to use the emails. See Bank of Camden, 2014 WL 991782, at *2 (barring Bank of Camden "from further use of the unredacted versions of the documents" for blatant violation of Rule 26(b)(5)(B)); Piasa Commercial Interiors, 2010 WL 1241563, at *3 ("As Piasa blatantly disregarded the requirements of Rule 26(b)(5) (B), the Court finds that barring further use of the document to be an appropriate remedy").[11]

---

[11]Some courts have only barred use of the documents in question "until they are deemed not privileged or no longer privileged[.]" Woodard v. Victory Records, Inc., Case No. 11 CV 7594, 2013 WL 4501455, at *4 (N.D. Ill. Aug. 22, 2013). Were the court to consider (continued...)

In conclusion, defendants' motion to strike[12] plaintiffs' partial motion for summary judgment[13] is granted. Plaintiffs may elect to refile the motion but if they do so, they may not rely on the emails in question.

DATED at Anchorage, Alaska, this 4th day of June, 2014.

/s/ H. Russel Holland
United States District Judge

---

[11](...continued)
these issues, it would conclude that defendants' production of the documents was inadvertent, that defendants did not waive the privilege as to the emails, and that defendants took reasonable steps to prevent disclosure. In short, the court would find that the emails were still privileged. The court is unpersuaded by plaintiffs' arguments to the contrary.

[12]Docket No. 115.

[13]Docket No. 113.