# PHILLIPS DAYES

NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
 (602) 288-1610 ext. 301
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Lawrence and Brandy Lawrence, husband and wife; Ricardo Ramirez and Elisha Ramirez, husband and wife; Jimmie Stanton, a single man; Megan West, a married woman; on behalf of themselves and others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br>Dependable Medical Transport Services, L.L.C. an Arizona limited liability company; DMTS, L.L.C., an Arizona limited liability company; Three Man Transport, L.L.C., an Arizona limited liability company, Gibbs Investments, L.L.C., an Arizona limited liability company; Gibbs Investment Trust; Richard A. Ganley and Jane Doe Ganley 1, husband and wife; Mark Ganley and Jane Doe Ganley 2, husband and wife; William H. Gibbs and Jane Doe Gibbs, husband and wife, | Case No.: CV-13-417-PHX-HRH<br><br><br>**MOTION FOR APPROVAL OF ATTORNEY'S FEES** |

Plaintiffs provide the following memorandum and affidavit of Trey Dayes and move the Court to approve attorney's fees and costs in this matter in the amount of $55,000 which represents $47,928.65 in fees and $7,071.35 in costs.

As set forth below, Plaintiffs' request is fully supported by the factors that courts consider in determining the reasonableness of attorneys' fee awards in such cases. Moreover, public policy promotes approval of reasonable fee requests since "[t]he function of an award of attorney's fees is to encourage the bringing of meritorious ... claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel."[1] For these reasons, Counsel respectfully requests that its fee request be granted.

## I.    The fee requested is supported by the factors courts consider in approving fees

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'"[2] Where counsel seeks fees from a common fund, courts have discretion to use one of two methods to determine whether the request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier."[3] "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result."[4]

Given the excellent result achieved for the Settlement Class, the lodestar method should be applied here. Class Counsel seek an award of $55,000 from the common fund. To date,

---

[1] *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (internal quotation marks and citations omitted).
[2] *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir 2003) (quoting Fed. R. Civ. P. 23(e)).
[3] *Id.* at 963–64; *see also In re Mercury Interactive Corp.,* 618 F.3d 988, 992 (9th Cir. 2010); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998).
[4] *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

1  Class Counsel's actual fees exceed $149,608, which is well over the fee award requested here.

2  That figure is the hourly rate, without multiplying by a lodestar factor.

3  As set forth below, Class Counsel's requested fee award reflects substantial and

4  necessary work performed on behalf of Plaintiffs and the Class and are based on reasonable

5  rates.

6  As highlighted by the affidavit of undersigned, Class Counsel diligently and efficiently

7  investigated Plaintiffs' claims, drafted the complaint, interviewed witnesses, prepared

8  discovery, reviewed and analyzed documents produced, prepared for and took a deposition,

9  engaged in substantial motion practice, including briefing class certification and two motions

10  for summary judgment and a motion to strike. Class Counsel have expended more than 672

11  hours to date prosecuting this litigation. Multiplied by a reasonable hourly rate, Class Counsel

12  have accrued a fee of more than $149,608. All of the hours expended by counsel and expenses

13  incurred in this litigation were required to diligently investigate and litigate the claims of

14  Plaintiffs and the Settlement Class.

15  The fee calculations of Class Counsel are based on reasonable hourly rates. Class

16  Counsel set their rates for attorneys and staff members based on a variety of factors, including

17  among others: the experience, skill and sophistication required for the types of legal services

18  typically performed; the rates customarily charged in the markets where legal services are

19  typically performed; and the experience, reputation and ability of the attorneys and staff

20  members. The rates asserted for attorneys and staff members working on this matter range

21  from $125.00 to $375.00, with the majority of the work performed by Mr. Dayes at an hourly

rate of $375.00, Mr. Davis at an hourly rate of $325, and Mr. Abujbarah at an hourly rate of $125.00.

In light of the detailed breakdown provided by counsel in his declaration, and the arguments offered above, Class Counsel submit that their fee calculations are based on reasonable rates.

Courts in the Ninth Circuit have articulated several factors which may be relevant to the district court's evaluation of the reasonableness of a fee request. These include (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.[5]

## II.   The results achieved support the fee request

The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award.[6] In this case, there was a significant risk that the Plaintiffs involved were not owed any overtime, and even if they were, the employer ceased operations.

Of critical importance in this case was what Defendants believe to be an absolute defense to Plaintiffs claim for overtime compensation, the Commission exemption found in 29 U.S.C. 207(i). There were currently pending cross motions for summary judgment on the issue. Defendants filed a cross motion for summary judgment that DMTS was in fact a retail or service establishment, and thus, Drivers who were paid more than one and one-half times the

---

[5] *McPhail v. First Command Fin. Planning, Inc.,* 2009 U.S. Dist. LEXIS 26544, *21 (S.D. Cal. Mar. 30, 2009) (*citing In re Omnivision Technologies, Inc.*, 559 F.Supp. 2d 1036, 1046 (N.D. Cal. 2007).
[6] *In re Omnivision*, 559 F.Supp. 2d at 1046.

federal minimum hourly wage and who received more than half of their compensation for each pay period from commissions on services provided were exempt from the overtime requirements of the FLSA.[7]

There was a very real risk that the Court would find that Defendants were properly classifying its employees. Based on that substantial risk, and Defendants' confidence in their legal position, the result achieved for the class can only be seen as a success, and the Class is greatly benefiting from this result.

Furthermore, DMTS closed in January. During this entire process, it became readily apparent that even if Plaintiffs were to go to trial and receive an award, liquidity would stop Plaintiffs from ever seeing a monetary benefit. In reaching an agreement with the Defendants, Class Counsel has ensured that the parties will be on the same page as to funding the settlement and ensuring that the Class receives appropriate compensation.

## III.    The risk of litigation supports the fee request

Although the matter came to a resolution, this is not a case where recovery of a substantial settlement and attorneys' fees was a foregone conclusion.[8] As noted in detail above, Class Counsel evaluated the risks inherent in the litigation such as the potential commission exemption. Had this case proceeded to trial, unsettled legal issues related to liability and damages would have been hotly contested and likely appealed. The risk that further litigation

---

[7] Defendants' Cross Motion for Summary Judgment, Docket #114
[8] *C.f.*, *In re Quantum Health Resources, Inc., Sec. Litig.*, 962 F.Supp. 1254 (C.D. Cal. 1997).

1  might result in Plaintiffs not recovering anything at all, particularly in a case involving

2  complicated legal issues such as this one, is a *significant* factor in the award of fees.[9]

3  ## IV.    The skill required and the quality of work support the fee request

4        The prosecution and management of a collective action requires specialized legal skills

5  and expertise which should be considered in setting the fee award.[10] Since this firm was

6  founded, its attorneys have devoted themselves primarily to prosecuting employment law

7  matters. In that time, the firm has litigated a large number of wage and hour actions and is one

8  of the first Arizona firms to devote itself so entirely to a contingent based national employment

9  law practice. This firm's reputation and expertise contributed significantly to the speedy

10 disposition of this matter, in light of Defendant's believable commitment to defend this case

11 through class certification and trial.

12

13       Class Counsel submits that their skill and ability were essential to the success of this

14 litigation. Class Counsel developed an extensive factual record in an effort to obtain the

15 evidence needed to convince Defendant of the risks of continued litigation, particularly given

16 Defendant's confidence that the evidence supported an exemption defense.

17       Moreover, Class Counsel believes that their history of aggressive, successful

18 prosecution of similar cases made credible its commitment to pursue this action through trial

19 and beyond. Only counsel well versed in such litigation and wage and hour law could have

20 effectively marshaled, assembled and presented the evidence within the proper legal

21

22

23

24  ─────────────────────
[9] *In re Omnivision*, 559 F.Supp.2d at 1047 (emphasis added).
[10] *Johnson v. Georgia Highway Express, Inc*. 488 F.2d at 718.
25

framework to produce a fair settlement.[11] In sum, Class Counsel's proven record and reputation further supports the fee request in this case.

## V.     Contingent nature of the fee and financial burden on counsel

The Ninth Circuit has recognized that "because payment is contingent upon receiving a favorable result for the class, an attorney should be compensated both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case."[12]

From the outset, the prosecution of this case has involved significant financial risks for Class Counsel. Counsel undertook this matter solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, and no guarantee as to the potential duration of this litigation. While Class Counsel believes that the claims in this case are meritorious, it recognizes the factual and legal challenges involved in complex litigation of this type. This case has involved multiple factual and legal hurdles, making Class Counsel's success all the more contingent.

The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour.[13] A substantial outlay of employee hours, when there is a risk that none of it will be recovered, further

---

[11] *Johnson*, 488 F.2d at 718.
[12] *In re Quantum*, 962 F.Supp. at 1257; see also 1 Alba Conte, Attorney Fee Awards (3d ed. 2004) § 1.09.
[13] *In re Omnivision*, 559 F.Supp.2d at 1047

supports the award of the requested fees.[14] While attorneys who regularly represent corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results.

It is for that reason that Phillips Dayes Law Group accepted this action on a wholly contingent basis. In doing so, there was, and is, no guarantee of recovery of fees, or even the reimbursement of litigation costs. Similarly, there is no guarantee as to the potential duration of the litigation. In addition, Class Counsel's commitment to this litigation should not be assessed in a vacuum. The time Class Counsel spent on litigation and the settlement process in this case prevented it from pursuing other work at the same hourly rates reflected in their retention agreement. Indeed, Phillips Dayes devoted over 672 hours to litigating this action against Defendant.

## VI.    Awards made in similar cases

The attorneys' fee award sought by Class Counsel is soundly within the range approved by other district courts in similar cases.[15] For example, courts have: upheld an award of

---

[14] *Dell*, 669 F.3d at 642 n. 25.

[15] *See, e.g., In re Bayou Sorrel Class Action*, 6:04-CV-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) *Williams v. MGM-Pathe Comm. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). *See, e.g., Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed.Appx. 341, 342 (5th Cir. 2007) (affirming fee award as reasonable from the Court where fees were almost 6 times the damages award); *Wright v. Blythe-Nelson,* No. Civ.A.3:99CV2522-D, 2004 WL 2870082 (N.D. Tex. Dec. 13, 2004) (fee award six times the amount of damages awarded); *McKenzie v. Cooper, Levins & Pastko, Inc.*, 990 F.2d 1183, 1185 (11th Cir. 1993) ($100,000 fees and $9,000 damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and $9,250 in attorneys' fees); *Holyfield v. F.P. Quinn & Co.*, No. 90-c-507, 1991 WL 65928, at *1

---

$51,750 in fees that was over 11 times the plaintiffs' monetary award of $4,697;[16] awarded $4 million in attorney's fees when damages were $500,000;[17] and the Ninth Circuit has affirmed an award of $18,455 in damages and $100,000 in attorneys' fees.[18]

Additionally, the Supreme Court has recognized that the monetary recovery of plaintiffs in FLSA cases does not limit the proper amount of recoverable attorneys' fees.[19] "Given the nature of the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."[20]

## VII.   Counsel's costs are reasonable and were incurred to benefit the class

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement."[21] To date, Class Counsel have incurred out-of-pocket expenses totaling $7,071.35, primarily to cover expenses related to legal research, investigation, discovery, travel, service of process on multiple defendants, and administrative costs such as copying, mailing, and

---

(N.D. Ill Apr. 22, 1991) (awarding $6,922.25 in fees and costs where the plaintiff obtained a judgment for $921.50); *see also, Howe*, 215 Fed. Appx. At 341 (affirming fee award 6.45 times the amount of damages the prevailing plaintiff recovered after trial); *Johnson.*, 639 F. Supp. 2d at 706-07 (awarding $127,435.10 in overtime pay and liquidated damages to two plaintiffs and $292,041.60 in attorneys' fees);
[16] *Lucio-Cantu v. Vela*, 239 Fed.Appx. 866, 867-68 (5th Cir. 2007)
[17] *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319 (5th Cir. 1995)
[18] *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983)
[19] *Howe* v. *Hoffman-Curtis Partners Ltd., LLP,* 215 Fed. Appx. 341, 342 (5th Cir. 2007).
[20] *Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir. 2001)
[21] *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)); *see also Rausch*, 2007 WL 671334, at *2 (finding counsel is entitled to reasonable and relevant litigation expenses to be taxed from the common fun in a class action) (citing *In re Media Vision Tech. Sec. Litig.*).

messenger expenses. These out-of-pocket costs were necessary to secure the resolution of this litigation.[22]

The kinds of litigation costs incurred by counsel are appropriate for reimbursement in such cases.[23] The costs incurred by Class Counsel in this litigation have been reasonable and appropriate because they were necessary to protect and benefit the class, and are properly considered when evaluating Class Counsel's request.

## VIII.  Conclusion

Based on the foregoing class counsel respectfully requests the Court award attorney's fees and costs in the amount of $55,000 which represents $47,928.65 in fees and $7,071.35 in costs.

Dated:  July 15, 2014                                      Respectfully submitted,

                                                          PHILLIPS DAYES NATIONAL EMPLOYMENT
                                                          LAW FIRM, P.C.

                                                          By  /s/"Trey" A.R. Dayes III
                                                              "Trey" A.R. Dayes III
                                                              Email: treyd@phillipslaw.com
                                                              Attorney for Plaintiffs

---

[22] *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation).

[23] *In re United Energy Corp. Sec. Litig.*, 1989 U.S. Dist. LEXIS 19146, *16 (C.D. Cal. Mar. 9, 1989); *Smith v. Krispy Kreme Doughnut Corp.,* 2007 U.S. Dist. LEXIS 2392, *10 (M.D.N.C. Jan. 10, 2007) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved."); 1 Alba Conte, Attorney Fee Awards § 2.08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."); *In re Warner*, 618 F.Supp. 735; *In re GNC Shareholder Litig.*, 668 F.Supp. 450, 452 (W.D. Pa. 1987).

1

### CERTIFICATE OF SERVICE

2        I hereby certify that on July 15, 2014, I electronically transmitted the attached document
to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of
3   Electronic Filing to the following CM/ECF registrants:

4   James Burr Shields          Burr@MilliganLawless.com
    Tracy A. Miller             Tracy.Miller@ogletreedeakins.com
5   Caroline Larsen             Caroline.Larsen@ogletreedeakins.com

6


7   *Attorney for Defendant*
8   By  s/Nasser Abujbarah_____
        Nasser Abujbarah, Paralegal to Trey Dayes
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Motion For Approval of Attorney's Fees                                    Page 11