IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARTHUR LAWRENCE, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPENDABLE MEDICAL TRANSPORT SERVICES, L.L.C., et al.,<br><br>　　　　　　　　　　Defendants.<br><br>JASON BORGES, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DEPENDABLE MEDICAL TRANSPORT SERVICES, L.L.C., et al.,<br><br>　　　　　　　　　　Defendants. | No. 2:13-cv-00417-HRH<br>[Consolidated with<br>No. 2:14-cv-00207-HRH] |

O R D E R

Motion for Approval of
<u>Collective Action Settlement</u>

　　　　In these consolidated collective action proceedings, counsel for all plaintiffs and all defendants have entered into a detailed settlement agreement and general release. In furtherance of that agreement, the parties have filed their joint motion for approval of the collective action settlement agreement and entry of judgment in favor of all plaintiffs and against defendant Dependable Medical Transport Services, L.L.C.[1]  The Borges plaintiffs

---

[1]Docket No. 127.

Order – Motion for Approval of Collective Action Settlement　　　　　　　　　　　　　　　　- 1 -

have joined in the Lawrence parties' joint motion.[2]  Also in furtherance of the terms of the settlement agreement, counsel for plaintiffs in the consolidated cases have moved for approval of attorney fees.[3]  Defendants have expressly not opposed that motion.[4]  The parties have proposed to the court a stipulation for entry of judgment against defendant Dependable Medical Transport Services, L.L.C., in the amount of $150,000.00, which consists of $95,000.00 compensation to all plaintiffs, including those who have timely opted into this litigation pursuant to the court's order of July 3, 2013, and $55,000.00 costs and attorney fees.[5]

These proceedings were commenced in February of 2013 with the filing of the Lawrence plaintiffs' complaint for violation of the Fair Labor Standards Act.  29 U.S.C. § 201, et seq.  In May of 2013, plaintiffs sought certification of the case as a collective action, and the court's order conditionally certifying the case as a collective action was filed July 3, 2013.[6]  In due course, a total of 61 employees or former employees of defendants opted into the case.  The Borges case was opened February 5, 2014.[7]  The seven named plaintiffs in the Borges case are or were employees of the defendants who have also stated Fair Labor Standards Act claims identical to those asserted by the Lawrence plaintiffs.  The two cases were consolidated by order of July 23, 2014.[8]  All of the named plaintiffs in both cases have executed the settlement agreement and general release.

---

[2]Docket No. 132.

[3]Docket No. 129.

[4]Docket No. 130.

[5]Docket No. 128.

[6]Docket No. 49.

[7]Docket No. 1 in No. 2:14-cv-00207, Borges v. Dependable Medical Transp. Services, LLC.

[8]Docket No. 131.

The motions presently before the court in substance seek preliminary approval of the settlement between all of the named plaintiffs and the opt-in plaintiffs on the one hand and the defendants on the other hand.

Plaintiffs are represented in this case by counsel having extensive experience with Fair Labor Standards Act litigation.  In furtherance of the plaintiffs' claims, extensive discovery has been undertaken by the parties.  It is apparent to the court from the record in this case that the parties have engaged in arm's-length negotiations for a settlement.  They have had the assistance of a third-party mediator.

The parties have exchanged cross-motions for summary judgment in the Lawrence case.  The court finds that there are substantial, serious disagreements between the parties such that continuing this litigation will involve both substantial expense and risk to the parties.  They have determined, and the court agrees, that it will be in the best interests of all parties that the case be concluded on the terms negotiated by counsel.  The court is satisfied that the settlement agreement is a fair and reasonable compromise of the disputes of law and fact raised by the cases.

With respect to the motion for attorney fees, the parties have agreed to the payment of attorney fees in the amount of $47,928.65 and costs of $7,071.35, for a total of $55,000.00.  The agreed-upon fees constitute a very substantial discount of the lodestar (a reasonable rate times hours devoted to the case) computation which the court uses as a starting point for evaluating the reasonableness of attorney fees.  The agreed-upon fees constitute approximately one-third of the $150,000.00 settlement, less accrued costs.  Given the contingent nature of the attorneys' undertaking and the risks associated with such undertakings, attorney fees of $47,928.65 is entirely reasonable in this case.

Preliminary approval of the joint motion for approval of collective action settlement agreement is granted.  Preliminary approval of the motion for attorney fees is granted.

In furtherance of this order and the settlement agreement, the parties' stipulation for entry of judgment[9] is approved. In order that all plaintiffs (including plaintiff-intervenors) may be protected at the earliest possible time as regards the provisions of the settlement agreement which calls for the agreed-upon total sum of $150,000.00 to be paid from the sale of real property at 2237 North 36th Street, Phoenix, Arizona 85008, the stipulation for entry of judgment is approved as modified by the judgment entered herewith.

In furtherance of the settlement agreement, counsel for plaintiffs shall forthwith deliver to each of the opt-in plaintiffs a full and fair disclosure of the terms of the settlement agreement, including counsel's best estimate of the individual opt-in plaintiffs' share of the net settlement of $95,000.00. Counsel for plaintiff shall provide each opt-in plaintiff with the parties' proposed consent to the collective action settlement form. The summary of the settlement agreement and the consent form shall be covered by a notice to each opt-in plaintiff advising:

(1) That the opt-in plaintiff should, within 14 days of the date of the notice, sign and return to counsel for plaintiff the form consent to collective action settlement if the opt-in plaintiff agrees to the settlement.

(2) That the opt-in plaintiff should notify plaintiffs' counsel, in writing, within 14 days of the date of the notice if the opt-in plaintiff does not agree to the settlement. In so doing, the opt-in plaintiff shall state fully and completely his or her objections to the settlement agreement.

(3) That any objecting party may request a hearing before the court, and a hearing will be scheduled if requested.

---

[9] Docket No. 128.

On or before August 29, 2014, counsel shall report to the court the results of the foregoing notice procedures. At that time, counsel for plaintiffs may, as appropriate, move for final approval of the settlement agreement or move for a hearing with respect to objections and for approval of the settlement agreement.

The parties' joint motion for approval of collective action settlement[10] is granted. Plaintiffs' motion for attorney fees[11] is granted. The parties' joint motion for entry of judgment[12] is approved.

DATED at Anchorage, Alaska, this  4th  day of August, 2014.

/s/ H. Russel Holland
United States District Judge

---

[10]Docket No. 127.

[11]Docket No. 129.

[12]Docket No. 128.